Cooper, J.,
delivered the opinion of the court:
Bill by the vendee of land and the sureties on his purchase notes against the vendor, to have the sale declared void because not in writing, and for the usual account in such cases. The chancellor, on final hearing, dismissed the bill, but the referees have reported in favor of reversing the decree. The exceptions open the case on the merits. In the year 1866, the complainant, Jesse D. Jennings, sold and conveyed the land in question to the defendant, John W. Bishop, his son-in-law, for $600, partly in cash and partly on time. The time installments of the purchase money were subsequently paid in full, but the deed of conveyance was never registered. Bishop went into full possession of the land, erecting a residence, and making other improvements, and lived on the place with his wife and family until December, 1874. On the 29th of that month, being about to remove with his family to Texas, he resold the land to his father-in-law, Jesse D. Jennings, for $1,000, Jennings paying a part of the purchase money down, and giving his notes on time, with his co-complainants as sureties, for the residue. He afterwards paid one of the notes and a part of another note. On May 6, 1878, Jesse D. Jennings sold and conveyed the greater part of the land to his daughter, Elizabeth McGee, wife of J. E. McGee, for the consideration of $600, to be paid in twelve months, and for the payment of which a lien was retained on the land in the deed of conveyance.
*140 It does not appear whether the consideration has been paid. McGee and wife went into possession of the land conveyed, and, so far as appears, were in possession when the bill was filed. I. E. McGee was one of the sureties of the complainant, Jennings, on his notes to the defendant, Bishop, and is, for the reason, a party complainant. His wife is not a party to the suit. On March 4, 1879, Jennings, with McGee and wife, and others, joined in a deed conveying the tract of land in dispute, and other lands, to a trustee in trust to secure an indebtedness of complainant Jennings. One witness, who is examined in the cause, testifies that the debt thus secured has been paid off.
After all of Jennings’ notes to him had become due Bishop brought suit upon them at law, whereupon this bill was filed April 30, 1880. The bill only stated the sale of the land by the defendant to the complainant, Jesse D. J enpings, and the terms of sale, specifying the notes executed for the purchase money and the payments made.
The complainants asked that the sale be declared void because in violation of the statute of frauds. The bill contained an additional ground of equity, which need not be noticed, for it was denied in the answer and not sustained by the proof. The facts in relation to the sale, the execution of the purchase notes, and the payments made by the complainant are admitted by the defendant in his answer to be as stated in the bill. In his deposition, the defendant testifies to the same facts. He insists, however, both in his answer and deposition that, as part of the agreement of sale, he delivered to the complainant, Jesse H. Jennings, the deed of the latter for the land executed in 1866, upon the suggestion of Jennings, that, the deed not being registered, nothing more was required to revest him with the title. This matter, being in avoidance, the burden was upon the defendant to establish, which he has failed to do, his recollection standing alone against that of the complainant, J. I). Jennings, and two of his co-complainants. But *141 if it were otherwise, it would only show a mistake of the legal effect of the delivery of the deed, and could not change the nature of the transaction. What took place was a parol sale or release of the land, not a rescission of the original sale, for the obvious reason that it was not so intended, and that the original sale was a completely executed contract.
The defendant, in his answer, also set up in defense that the complainant, Jennings, had conveyed a part of the land to his daughter, Elizabeth McGee> and that he and McGee and wife had also conveyed the land in trust to secure a debt of Jennings, as hereinbefore stated. The evidence shows the facts as above. And the question is, whether these facts have any and what effect on the rights of the parties. Independent of these facts, it is clear, under the recent decisions of this court, that the complainant is. entitled to elect by bill to avoid the parol sale of the land, and to recover the purchase money paid, with interest from the time of payment, together with any permanent enhancement of the value of the land by improvements, accounting for reasonable rents and profits. Winters v. Elliott, 1 Lea, 676; Hays v. Worsham, 9 Lea, 591; Treece v. Treece, 5 Lea, 221. A parol contract for the sale of land is not absolutely void, for it may be specifically executed as against either party if he fail or refuse to rely upon the statute. And if the parties themselves choose to execute the contract, third persons cannot object. Part performance will not take the case out of the statute, and, therefore, neither the taking [of] possession of the land by the vendee, and permanently improving it, or payment of the purchase money will prevent the vendee from electing to avoid the contract. Patton v. McClure, M. & Y., 333; Pipkin v. James, 1 Hum., 325. And if transactions between the parties, which recognize the validity of the contract but fall short of the requirement of the statute, will not estop either party from avoiding the contract, it is not easy to see how *142 transactions by one of the parties with third persons, although in recognition of the contract, can have a greater effect. Estoppels must also be mutual, and one party cannot be estopped by an act which leaves the other party at liberty. The referees are probably right, therefore, in holding that the complainant is not prevented by any technical estoppel from obtaining relief under the bill.
But there is a fundamental principle of equity which often closes the doors of a court of chancery against a party when seeking relief in that forum, however clear may be his legal rights, which is independent of the doctrine of estoppel in its usual sense.
That principle is that a person who comes into chancery for equity must do equity, and must consequently show that he is in a condition to comply with the requirement before he can put the machinery of the court in motion in his favor. Although a vendee may file a bill to avoid a parol contract for the sale of land, and to recover the purchase money paid, yet he can only obtain relief in equity by placing the vendor in statu quo, and restoring to him the possession of the land, at least at the end of the litigation. If he has parted with the possession of the land to a third person by a contract binding upon him, he is, of course, no longer in that condition. He is consequently asking equity when unable to comply with the necessary prerequisite to its attainment. And he may lose some of his usual rights in equity by inequitable conduct to the prejudice of the other party, even where the parol contract is avoided. Rainer v. Huddleston, 4 Heis., 223; Guthrie v. Holt, 9 Bax., 527.
It distinctly appears in this case, for the complainant, Jennings, admits the fact in his depositon, and the deed itself is filed in evidence, that before the filing of his bill he sold and conveyed the greater part of the land in question to his daughter, Elizabeth McGee, a married Avoman. and that she Avent into possession of the land upon her pur *143 chase, and was in possession at the time of the filing of the bill.
The complainant is unable to restore the possession of the property, and place the defendant in statu quo. He is therefore not entitled to the relief sought.
The bill will be dismissed with the costs of the cause and of the suits at law, and a decree will be rendered in favor of the defendant against the complainants for the unpaid balance of .purchase money due on the notes executed by them, with interest and costs. The injunction sued out by the complainants authorizes the rendition of such a judgment.