## BRAKEFIELD *v.* ANDERSON.

### (*Nashville.* January 12, 1889.)

SPECIFIC PERFORMANCE. *Parol Sales of land. Statute of frauds.*

A *parol contract* for sale of lands—being otherwise unexceptionable—will be specifically enforced by a court of equity where, in proper pleadings seeking its specific performance, the parties have fully set out and agreed upon the terms of the contract, and neither has relied upon the statute of frauds. Refusal of specific performance, in such case, is error.

Code cited: § 2423, subsec. 4 (M. & V.); § 1758, subsec. 4 (T. & S.).

Cases cited and approved: Jennings *v.* Bishop, MS., Nashville, December Term, 1883; Sneed *v.* Bradley, 4 Sneed, 304; Hudson *v.* King; 2 Heis., 573; Winters *v.* Elliott, 1 Lea, 676; Hays *v.* Worsham, 9 Lea, 593.

Cited and distinguished: Biggs *v.* Johnson, MS., Jackson, April Term, 1876; Shuder *v.* Newby, 85 Tenn., 348.

Cited as showing nature of parol contracts of sale: 5 Hum., 130; 2 Sneed, 177; 1 Hum., 325; 5 Hum., 130; 2 Swan, 598; 2 Sneed, 175; 4 Sneed, 304; 1 Cold., 320; 2 Heis., 134, 681; 6 Heis., 455.

---

#### FROM FRANKLIN.

---

Appeal from the Chancery Court of Franklin County. W. S. BEARDEN, Ch.

MARKS & GREGORY and JOHN SIMMONS for Brakefield.

BRANNON & BANKS for Anderson.

CALDWELL, J.   In August, 1876, W. W. Brake-
field bought of James Anderson thirty-seven and
one-half acres of land in Franklin County, and
went immediately into possession.

More than eight years thereafter, in November,
1884, Brakefield filed the original bill in this cause,
setting out the contract, and alleging the payment
of the purchase money and the refusal of Ander-
son to convey him the land, and praying for a
specific performance of the contract, if that could
be granted by the Court; and, if not, that he be
allowed a recovery for the purchase money paid,
and also for the value of improvements by him
placed upon the land.

Anderson answered the bill, admitting the con-
tract, but denying that the whole of the price had
been paid.   In his answer he further says:

"The trade was made in good faith by respond-
ent, and he is able, ready, and willing to make
complainant a warranty deed to said thirty-seven
and one-half acres of land whenever complainant
pays him the balance of the purchase money and
the interest now due upon the same."

The answer is then filed as a cross-bill, with a
prayer that Anderson be allowed a decree against
Brakefield for the balance of purchase money due,
and that the land be sold for the satisfaction
thereof.

Brakefield answered the cross-bill, insisting, as
in the original bill, that he had paid all the pur-
chase money for the land.

Brakefield *v.* Anderson.

Upon these pleadings and proof that the contract had never been reduced to writing, the Chancellor, on his own motion, pronounced a decree rescinding the sale, and referring the cause to the Master for an account of purchase money paid, improvements, rents, and taxes.

In due time decree was made upon the report of the Master and exceptions thereto.

Brakefield has appealed.

The decree rescinding the sale is manifestly erroneous, and will be reversed.

The learned Chancellor must have been of the opinion that the contract of sale was absolutely void for all purposes, because resting in parol, and that a Court should not, therefore, in any event, assist in its enforcement.

This is a mistaken view of the law. It is true that the statute provides that no action shall be brought upon any contract for the sale of land unless the contract, or some memorandum thereof, shall be reduced to writing and signed by the vendor, or some other person by him thereunto lawfully authorized. Code (M. & V.), § 2423, Subsec. 4.

And it is likewise true, under the decisions of this Court, and contrary to those of the English Courts, that part performance of a parol contract for the sale of land, by delivery of possession on the one side, and payment of a portion or the whole of the purchase money on the other side, will not render the contract binding or take it

out of the operation of the statute. *Patton* v. *McClure*, M. & Y., 333; 5 Hum., 130; 2 Sneed, 177; *Jennings* v. *Bishop*, MS. Opinion, Nashville, December, 1883.

But the statute is operative to defeat a verbal contract only when interposed by one of the parties. Such a contract may be enforced by the consent and upon the application of both parties. So long as it is recognized, affirmed, and adhered to by vendor and vendee it cannot be annulled by the voluntary action of the Courts.

The sounder view is that a verbal sale of land is not void *ab initio*, but only voidable at the election of either party, and not enforcible by one against the will of the other who abandons or repudiates it.

The decisions of this Court have not been altogether harmonious upon this subject. In several of them such sales have been characterized as *void* (*Pipkin* v. *James*, 1 Hum., 325; *Crippen* v. *Bearden*, 5 Hum., 130; *Hurst* v. *Means*, 2 Swan, 598; *Sheid* v. *Stamps*, 2 Sneed, 175), and in many others they have been held to be *voidable* merely. *Sneed* v. *Bradley*, 4 Sneed, 304; *Hilton* v. *Duncan*, 1 Cold., 320; *Roberts* v. *Francis*, 2 Heis., 134; *Hamilton* v. *Gilbert*, 2 Heis., 681; *Masson* v. *Swan*, 6 Heis., 455.

In some of the cases of the former class no distinction was taken, or was necessary to be taken, between the terms *void* and *voidable*; but the distinction, suggested by the words themselves, was expressly made in the cases of the latter class,

14

wherein parol sales were held to be *voidable* only, and not *void*.

The later case of *Biggs* v. *Johnston* was an action at law by the vendee, in possession, to recover from the vendor purchase money paid under an *insufficient* written contract for the sale of land. Johnston insisted that the action could not be maintained, because Biggs did not surrender possession of the land before commencing the suit. The majority of the Court held that an actual removal from the land by the vendee was not a prerequisite to his right of action, but that notice of his election to abandon the contract was sufficient to authorize his suit. In the discussion of that case the learned Judge who delivered the majority opinion said that the contract was "*void* in law, having no element of legal obligation enforcible against either party. *Biggs* v. *Johnston*, MS. Opinion, Jackson, April, 1876.

In the case of a bill by the vendee to rescind a verbal contract for the sale of land this Court said:

"There is no contest as to the question of the right to rescind such a contract by either party, or, rather, to treat it as *void* at their option, since the case of *Biggs* v. *Johnston.*" *Winters* v. *Elliott*, 1 Lea, 676.

To the same effect is the language used and the decision made in the case of *Hays* v. *Worsham*, 9 Lea, 593.

But even these three cases concede, by implica-

tion, at least, that the contract is binding upon
the parties until one of them elects to rescind or
abandon it. Whether this be true or not, it is
very certain that no one of them undertook to
decide, or could properly have decided under the
facts therein disclosed, that the Courts were author-
ized to annul such a contract when both parties
were insisting upon its execution.

Later still is the case of *Jennings* v. *Bishop*,
wherein this Court, speaking through Judge Cooper,
said:

"A parol contract for the sale of land *is not
absolutely void*, for it may be specifically executed
as against either party if he fails or refuses to
rely upon the statute; and if the parties them-
selves choose to execute the contract, third parties
cannot object." MS. Opinion, Nashville, Decem-
ber, 1883.

We follow this case, not only because it is the
most recent utterance of this Court upon the sub-
ject treated, but also because we think it rests
upon sounder reasons, and will better subserve the
ends of justice than a contrary or different hold-
ing.

The case of *Shuder* v. *Newby*, 1 Pickle, 348, is
not in conflict with our holding here. Whether
the contract in that case was *void* or *voidable* was
treated as entirely immaterial. The Court there
said:

"Whether the parol agreement to purchase land
be regarded as absolutely void or only voidable·

cannot matter.   *When* the plaintiff *elected to disaffirm* the contract of sale it at once *became* void. *  *  *   The parol agreement never could have been enforced *against his consent."*

Either party may repudiate the contract whenever h` may choose to do so without incurring any liability for its breach; but, when one party seeks its enforcement through the Courts, the statute to be made avoidable to the other party must be by him relied upon as a defense.

"The doctrine is now well established that, upon a bill for the specific execution of such a contract, if the contract be fully set forth in the bill, and the defendant admits it in his answer, and submits to waive the statute of frauds, or, what is deemed equivalent to a waiver, does not insist upon the statute as a defense, a specific performance of the contract will be decreed." *Sneed* v. *Bradley*, 4 Sneed, 304; 2 Heis., 573.

As we have seen, Judge Cooper puts the same doctrine more briefly in these words:   *  *  * "It [the parol contract] may be specifically executed as against either party if he fails or refuses to rely upon the statute." *Jennings* v. *Bishop*, MS.

In the case at bar neither party relies upon the statute. On the contrary, the vendee comes with his bill and seeks the execution of the contract; and the vendor not only does not interpose the statute as a defense to the vendee's action, but he brings his answer and cross-bill, and affirmatively

asks the Court to enforce the contract in his behalf.

Both parties come with appropriate pleading and say they want their contract carried out. When this is done the reason of the statute—the prevention of fraud and perjury—ceases, and the Chancellor, instead of setting the contract aside, should decree its specific execution, the case being one in other respects (as this one is) justifying specific performance by a court of equity.

The proof shows a balance of twenty-seven dollars and fifty cents of the purchase price still unpaid. To this must be added eighteen dollars and twenty cents interest, making in all forty-five dollars and seventy cents. For this sum Anderson is entitled to a decree under his cross-bill; and unless payment thereof should be made in ninety days from this date the land will be sold. If, however, the said sum should be paid within that time, then Anderson will be required to make Brakefield an absolute deed, with the usual covenants.

The costs of this Court and the Court below will be equally divided between them.