## PHILLIPS v. KIMMONS.

### (*Nashville.* March 16, 1895.)

1. PAROL SALES OF LAND. *Voidable, not void.*

   Doctrine reaffirmed that parol sales of land are not void, but only voidable, at the election of either party. (*Post, pp.* 565, 566.)

   Case cited and approved: Brakefield v. Anderson, 87 Tenn., 209.

2. SAME. *Not voidable by vendee's administrator.*

   The vendee's administrator cannot rescind his intestate's parol sale of land and recover back purchase money paid thereon, when the vendor and the vendee's heirs are willing to complete the contract and tender performance. (*Post, pp.* 566–568.)

   Case cited and distinguished: Masson v. Swan, 6 Heis., 450.

3. SAME. *Vendor may enforce payment of purchase money.*

   The vendor may, in such case, enforce sale of the land for balance due on the purchase price. (*Post, pp.* 564, 565, 568.)

4. SAME. *Vendee's widow takes dower in surplus.*

   And the vendee's widow takes dower in the surplus of the fund realized at such sale. after paying balance on purchase price and costs. (*Post, p.* 568.)

---

FROM BEDFORD.

---

Appeal from Chancery Court of Bedford County. WALTER S. BEARDEN, Ch.

IVIE & IVIE for Phillips.

EDMOND and E. B. COOPER for Kimmons.

WILKES, J.    Blanche Kimmons, now wife of John
D. Kimmons, on April 28, 1891, before her mar-
riage, sold to her brother, John W. Phillips, an un-
divided one third interest in a tract of one hun-
dred and eighteen acres of land in Rutherford County,
for the price of $1,500.    Of this amount, $500 was
paid September 1, 1891, and is treated as a cash
payment, and the remainder was to be paid in two
installments, of $500 each, on December 25, 1892,
and December 25, 1893.    Afterwards, and on Feb-
ruary 1, 1892, the purchaser, John W. Phillips,
made an additional payment to his sister, Mrs. Kim-
mons, of $275, in a paid up certificate, No. 3849,
of stock in the Globe Building & Loan Association
of Louisville, Ky., which was issued in the name of
Mrs. Kimmons, but not actually delivered to her,
but upon it she drew a dividend of $7.40 July 8,
1893.

On October 30, 1893, John W. Phillips died in-
testate, and his widow, Eulah Phillips, administered
upon his estate.    He left no children, and Mrs. Kim-
mons and Jesse Phillips are his only heirs at law.
The sale by Mrs. Kimmons to her brother, John W.
Phillips, was by parol.    No deed or other assurance
of title in writing was executed, and no notes were
given for the deferred payments.

So soon as she was appointed administratrix, Mrs.
Eulah Phillips, as administratrix, filed her bill to
rescind the purchase made by her husband, and to

recover back the purchase money and interest, upon the ground that the purchase was in parol, and either void or voidable under the statute of frauds, and, in either event, she had a right, as administratrix of the vendee, to disaffirm it, and recover so much of the consideration as had been paid. She also prayed to have the building and loan association stock delivered to her, as part repayment of the purchase money. This bill was demurred to on the ground that the purchase was not void, but only voidable; that the vendors were willing to transfer, and the vendee, in such case, could not rescind, if alive; that the administratrix of the vendee had no right or option to rescind in any event, and that Jesse Phillips, one of the heirs of John W. Phillips, was not made a party.

This demurrer was overruled with leave to set up the same defenses in the answer, which was done, and Kimmons and wife, in their answer, expressed their willingness to complete the contract and carry out the sale, and tendered with it a properly certified deed.

On October 8, 1894, Kimmons and wife and Jesse Phillips filed their cross bill against Eulah Phillips, widow and administratrix of John W. Phillips, setting out that they were the only heirs of John W. Phillips, and asking that the purchase be carried out and that the deed tendered be confirmed and accepted, and the land sold to John W. Phillips be resold to pay the unpaid purchase money, and, out

of the surplus, that the widow of John W. Phillips be endowed.    To this bill Eulah Phillips filed demurrer, which was overruled, with leave to rely on the same defenses in her answer, and, on October 10, 1894, she filed her answer.    Proof was taken, and the Chancellor decreed that the contract, being in parol, was voidable, and that the administratrix had the right to avoid it after the death of her intestate and to recover back the purchase money paid, amounting to $775, and declared a lien upon the Kimmons interest in the land for the same, but declined to give any personal decree against Kimmons and wife for the purchase money, and directed the building and loan stock to be treated as a payment to Mrs. Kimmons and to be delivered to her. By permission of the Court below, both parties appealed and have assigned errors.

For complainants, Kimmons and wife, it is insisted the Chancellor erred in allowing the administratrix of John W. Phillips, the vendee, to disaffirm the parol contract of purchase made by her intestate and recover back the purchase money paid thereunder, and in refusing to give the relief prayed for in the cross bill.

For Mrs. Phillips, Administratrix, it is insisted that she had the right to retain the stock in the building and loan association as a part of the purchase money not actually paid over.

After some fluctuation and want of uniformity in our decisions, this Court has finally settled the doc-

trine that a parol sale of land is not void, but only voidable, at the election of either party. *Brakefield* v. *Anderson*, 87 Tenn., 209.

But none of our cases have, as yet, gone to the extent of holding that the administratrix of the vendee, who manifested no desire to rescind such sale in his lifetime, can, after his death, elect to disaffirm and rescind such sale.

In the case of *Masson* v. *Swan, Adm'r, et al.*, 6 Heis., 450, the vendor had died and the vendee sued the personal representative of the vendor, and his heirs, to rescind the parol sale of land and recover for improvements put on the lot, he not having paid any of the purchase money, nor tendered it. It was held that the vendee was entitled to rescind and to have pay for his improvements. The vendor had not elected to rescind in his lifetime, and the vendee made his election after the vendor's death, and was held entitled to rescind and recover. The right to recover purchase money in such case, if any had been paid, was evidently the same as the right to recover for improvements. In the case at bar we have the administratrix of the vendee seeking to rescind and recover the consideration over the protest of the vendor and the heirs of the vendee, all of whom desire to complete the contract.

The argument in this case is that, as between Mrs. Kimmons and John W. Phillips, the sale was valid, as neither had desired to disaffirm it before the death of Phillips, and upon the death of Phillips, an in-

terest to the extent of the purchase money paid vested in his heirs, Mrs. Kimmons and Jesse Phillips, subject to the balance of the purchase money, and to the dower right of the widow of the vendee in the surplus, if any, and, as a result of this contention, it is insisted that the vendor, Mrs. Kimmons, with her husband, has a right to sell the land for the unpaid purchase money due her, treating the $275 stock as a payment, and, that after this unpaid purchase money is satisfied, Mrs. Phillips, the widow of the vendee, is entitled to dower in the surplus proceeds of sale. But no personal judgment is sought against the estate of John W. Phillips for the balance of unpaid purchase money.

We are of opinion that the option to rescind a parol contract for the sale and purchase of real estate does not extend to the administrator of the vendor or vendee in case of the death of the intestate of such administrator, and especially is this the case when the vendor and the heirs of the vendee do not desire a rescission, but prefer to consummate and complete it; and *a fortiori* is this so when the vendor is willing to look to the land alone for the unpaid purchase money, and waives any right to recover against the personal estate of the vendee, as in this case. This is not in conflict with the case of *Masson* v. *Swan, Adm'r*, 6 Heis., 450, as in that case the vendee exercised the option to rescind against the administrator and heirs of the vendor.

We are therefore of opinion there is error in the decree of the Chancellor, and it is reversed, and the cause is remanded to the Court below, to the end that the land bargained to the intestate may be sold for the unpaid purchase money, treating the $500 cash and the $275 of building and loan company stock as payments at the dates when the cash was paid and the investment made in the stock. After paying this unpaid purchase money and the costs of this cause in this Court and the Court below, the widow, Eulah Phillips, will be endowed out of any surplus that may remain. The costs of the cause in this Court and the Court below will be paid out of the proceeds of sale of the land when made.