IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

---

JACKSON, APRIL TERM, 1897.

---

KING *v.* COLEMAN.

(*Jackson.*   April 10, 1897.)

1. DEED.   *Effect of, between grantor and grantee.*

A deed, as between the grantor and grantee, passes the title as contemplated by its terms, whether it be with or without consideration, and whether it be made in good faith or for a fraudulent purpose, and whether registered or not, and the title is not revested in the grantor by the mere nonclaim of the grantee and the nonchange of possession. (*Post, p. 566.*)

Case cited: Woods *v.* Bonner, 89 Tenn., 411.

2. LAND LAW.   *Assignment of land held by entry.*

The enterer's assignment of "the land" described in his plat and certificate of survey is ineffectual to pass title, however ancient the entry, if no grant had issued upon the entry and no

14 P—36

King v. Coleman.

possession, sufficient to raise presumption of a grant, had been held thereunder. (*Post, pp. 566–568.*)

Cases cited and approved: Cannon v. Phillips, 2 Sneed, 211; Snoddy v. Kreutch, 3 Head, 302; Williams v. Donnell, 2 Head, 695.

3. SAME. *Rights of assignee of plat and certificate of survey.*

The assignee of a plat and certificate of survey acquires not title to the lands therein described, but only the right to receive a grant therefor from the State upon proper presentation and proof of the assignment. (*Post, pp. 568, 569.*)

Cases cited and approved: Wilburn v. Spofford, 4 Sneed, 699; Smith v. Peace, 1 Lea, 591; Holcomb v. Canady, 2 Heis., 613.

4. SAME. *The interest of an enterer and his assignee subject to levy and sale.*

The interest of the enterer of lands, and of his assignee, is subject to levy of execution, and passes, with the right to demand and receive a grant from the State, to purchaser at execution sale upon a proper transfer by the Sheriff. (*Post, p. 569.*)

Code construed: § 4761 (S.); § 3746 (M. & V.); § 3033 (T. & S.).

Cases cited and approved: Bumpas v. Gregory, 8 Yer., 46; Lee v. Crossna, 6 Hum., 281; Hall v. Heffly, *Id.*, 444; Crutsinger v. Catron, 10 Hum., 29.

5. EJECTMENT. *Plaintiff must show title.*

To eject the possessor of land or to remove a cloud from title, the plaintiff must aver and prove title in himself. (*Post, pp. 570, 571.*)

Code construed: § 4970 (S.); § 3953 (M. & V.); § 3229 (T. & S.)

Cases cited and approved: Anderson v. Talbot, 1 Heis., 408; Ross v. Young, 5 Sneed, 627; Estill v. Deckerd, 4 Bax., 499; Hoyal v. Bryson, 6 Heis., 139; Coal Creek Co. v. Ross, 12 Lea, 1; Langford v. Love, 3 Sneed, 309; Campbell v. Campbell, 3 Head, 325; Walker v. Fox, 85 Tenn., 154; Garrett v. Belmont Land Co., 94 Tenn., 460; Evans v. Belmont Land Co., 92 Tenn., 348.

6. PAROL SALE OF LAND. *Not enforced, when.*

A parol vendee of land out of possession cannot have the sale completed and enforced so as to dispossess independent third parties who are in possession, claiming in their own right from an entirely different source, notwithstanding the established

King v. Coleman.

doctrine that a parol sale of land is voidable only, and not void, and that independent third parties cannot intervene to prevent its completion and enforcement when the vendee is in possession, and both he and the vendor are ready, able, and willing to comply with its terms. (*Post, pp. 571, 572.*)

Cases cited and approved: Brakefield v. Anderson, 87 Tenn., 206; Phillips v. Kimmons, 94 Tenn., 562; Citty v. Mfg. Co., 93 Tenn., 278; Sneed v. Bradley, 4 Sneed, 301.

7. SAME. *Same.*

At least the affirmative act of one of the parties to a parol sale of land, and the assent or acquiescence of the other, is essential to justify the Court in divesting and investing title. (*Post, p. 572.*)

---

FROM DYER.

---

Appeal from Chancery Court of Dyer County. JOHN S. COOPER, Ch.

LATTA & LATTA for King.

DRAPER & RICE for Coleman.

CALDWELL, J. James King and John Hall filed the bill in this cause, alleging, in substance, that the defendant, R. W. Finney, entered two hundred acres of land in Dyer County in 1841, and caused the same to be formally platted and surveyed the following year; that he attempted to transfer the land to the defendant, Phillips, by an indorsement upon the plat and certificate of survey, as follows:

'' For value received, I assign the land described in this plat and certificate to Thomas H. Phillips, this November 19, 1872.

'' (Signed)　RICHARD FINNEY.''

'' Attest:　W. B. TIPTON.''

That the assignment, though recited therein to have been made '' for value received,'' was, in fact, '' without consideration;'' that the assignee, Phillips, never asserted any rights under the assignment, but left the possession of the land with the assignor, Finney, who, '' on the —— day of ——, 18—,'' sold it to the defendant, W. P. S. Price, and made him a deed, which, by mistake, described another and different tract of the same size one mile away and belonging to another and different person; that Price, thereafter, in 1891, sold the Finney land to the defendant, F. G. Barker, and took his notes for the purchase money; that Price, in his deed to Barker, not having discovered Finney's mistake, fell into the same error and used the calls of the other and different tract; that Price transferred his notes on Barker to the defendant, W. A. Hodge, to whom Barker afterwards made a parol sale of the Finney land in satisfaction of the notes; that Hodge, in 1892, made a parol sale of the same land to the complainant, King; that King, in 1893, sold the cottonwood timber on the land to his co-complainant, Hall, who prepared about two hundred thousand feet of it for market; that, in 1894, an execution was issued from a Justice's judgment against

Phillips, the assignee of the plat and certificate of survey, and levied on the land as his property; that, after condemnation, the land was sold under *venditioni exponas*, in 1895, to the defendants, Charles and Augustus Coleman, who, as purchasers, took possession of the land and of the two hundred thousand feet of timber that complainant, Hall, had prepared for market; that Phillips had no title to the land and the purchasers at the said sale acquired none; that Hall had filed a replevin bill to regain the timber taken from him, but was embarrassed in that suit because of the defects in the title of King, his vendor, and that King "has an interest in the timber so replevied" and in the action of replevin.

Upon these allegations complainants pray that the sale to Charles and Augustus Coleman "be declared null and void;" that the title to the Finney land "be divested out of all the parties defendant" and "vested in the complainant," King: that further proceedings in the replevin suit be enjoined until it and this cause can be consolidated and heard together, and for general relief.

Charles and Augustus Coleman assigned several grounds of demurrer, the principal ones being (1) that King's purchase of the land and that of his vendor rested entirely in parol, and were therefore in violation of the statute of frauds and not enforceable; (2) that demurrants were, by the allegations of the bill, shown to be lawfully in possession of the land

and timber. It does not appear that any defense was made by the other four defendants, or that the bill was taken for confessed as to any of them.

The Chancellor sustained the demurrer of Charles and Augustus Coleman, and dismissed the bill. From that action the complainants have appealed.

If the assignment made by Finney in 1872 had the effect of a deed, as demurrants insist it did, it passed the title to the land from him to Phillips, whether the assignment was made "for value received," as recited therein, or "without consideration," as alleged in the bill; and this is not rendered any the less so by the further allegations that Phillips never asserted any rights under the assignment, and that the possession of the land remained unchanged. As between grantor and grantee, the title passes as contemplated by the terms of the deed, whether the conveyance be with or without consideration, and whether it be made in good faith or for a fraudulent purpose; and the title is not revested in the grantor by the mere nonclaim of the grantee and the nonchange of possession.

Assuming, then, that Finney's assignment operated as a deed, it would follow, as a legal consequence, that he, thereafter, had no title that could have been passed to his subsequent vendee, Price, and from the latter through the other vendees, Barker and Hodge, respectively, to the complainant, King; and that, on the contrary, the title was, thereby, vested in Phillips, the assignee, in whose hands the land was subject to

King *v.* Coleman.

such levy and sale as is alleged to have been made. But, in reality, that assignment could not have been effective as a conveyance of the title to the land. Its terms were not sufficient for that purpose; and, besides, Finney had no legal title to convey. He had only entered the land, and had not obtained a grant. It is true his entry was then thirty-one years old; yet, that fact is of no avail in a matter of title. The age of an entry, however great, does not, in and of itself, affect title. Twenty years of continuous, actual, and uninterrupted possession of land, with or without an entry, raises a conclusive presumption of a grant (*Cannon* v. *Phillips*, 2 Sneed, 211; *Snoddy* v. *Kreutch*, 3 Head, 302; *Scales* v. *Cockrill*, 3 Head, 433; *Williams* v. *Donnell*, 2 Head, 695), but there is no allegation of such possession in Finney alone, or in him and others successively, either before the assignment to Phillips, or before and since that time. So far as this record discloses, the title to the land is still in the State.

The Assembly has frequently recognized the right of an enterer to assign his plat and certificate of survey, and has made numerous enactments, from time to time, in regulation of the issuance of grants to assignees. Acts 1805, Ch. 72, Sec. 15; Acts 1806, Ch. 1, Sec. 15; *Ib.*, Ch. 2, Sec. 15; Acts 1807, Ch. 1, Sec. 45; Acts 1809, Ch. 13, Sec. 2; Acts 1821, Ch. 56; Acts 1824, Ch. 22, Sec. 7; Acts 1836, Ch. 53, Sec. 1; Acts 1837, Ch. 98, Secs. 1

and 2; Acts 1848, Reso. 182, Sec. 2; 1 Scott's Laws Tenn., pp. 895, 921, 1004; 2 Haywood & Cobb's Laws Tenn., pp. 47, 67, 79, 127; Whitney's Land Laws, pp. 161, 167, 316, 333, 347, 547, 548, 554.

The most that Phillips, as assignee of Finney's plat and certificate of survey, acquired, was a right to receive a grant to the land from the State, upon proper presentation and proof of the assignment. The case is akin to that of the transfer of a title bond. In the latter instance the transferee acquires no title to the land by the mere transfer, but only becomes entitled to demand and receive a deed from the vendor when the purchase money shall have been paid. *Wilburn* v. *Spofford*, 4 Sneed, 699; *Smith* v. *Peace*, 1 Lea, 591.

It has been held that the assignment of a grant operates, at most, only to pass the right to the paper itself, and not as a conveyance of the land, or any interest therein. *Holcomb* v. *Canady*, 2 Heis., 613.

"Transfers or assignments of plats and certificates of survey or location of land" are recognized and mentioned in the Code, as writings that may properly be admitted to registration. Code, § 2030; M. & V., § 2837; Shannon, § 3697, Subsec. 13.

While Finney owned the land as enterer, it was subject to levy and sale, and a transfer of his "entry or location or plat and certificate of survey" by the Sheriff to the purchaser, in case of sale, would have vested the latter "with all the rights

of the execution debtor," including that of demanding and receiving a grant, upon compliance with all prerequisites.    Acts 1794, Ch. 5, Sec. 7; Acts 1809, Ch. 31, Sec. 5; Acts 1813, Ch. 98, Sec. 19; Acts 1819, Ch. 48, Sec. 1; Acts 1827, Ch. 25, Sec. 1; Acts 1831, Ch. 36, Secs. 1, 2; 1 Scott's Laws, pp. 496, 1113; 2 Scott's Laws, pp. 164, 495; Caruthers & Nicholson, pp. 280, 281; Code, § 3033; M. & V., § 3746; Shannon, § 4761; *Bumpas* v. *Gregory*, 8 Yer., 46; *Lee* v. *Crossna*, 6 Hum., 281; *Hall* v. *Heffly*, *Ib.*, 444.

Finney's assignment of the plat and certificate of survey passed all his rights to Phillips, and the interest of the latter in the land was subject, under the principle of the authorities just cited, to levy and sale the same as if he had been the enterer. And, this being so, that interest became vested in the dumurrants, Charles and Augustus Coleman, by their purchase, provided only that the Sheriff made proper transfer to them (*Crutsinger* v. *Catron*, 10 Hum., 29), concerning which last matter there is no disclosure in this record.

The assignment to Phillips was effective as between the parties thereto, whether registered or not, and whether proven or acknowledged for registration or not.    *Woods* v. *Bonner*, 89 Tenn., 411 and citations.    It left in Finney no right or interest that the most skillful conveyancing could have communicated through the intermediate vendees, Price, Barker, and Hodge, to complainant, King, and, con-

sequently, none that the Court can now divest and invest. For this reason, without more, the bill must inevitably fail. This, however, is not all. There are other reasons why the bill is not maintainable.

Though it were conceded that Finney's assignment of the plat and certificate of survey was entirely inoperative and communicated no interest of any kind to the assignee, Phillips, the fact would still remain that the land has been seized and sold under judicial process as the latter's property, and that the demurrants became the purchasers at that sale and are in possession of the land, claiming to be the owners. To have that sale "declared null and void," and deprive the purchasers of their possession under it, however invalid the sale and wrongful the possession, the person seeking that relief must show a complete legal title in himself.

Treating the claim of the purchaser at the Sheriff's sale as only a cloud upon the legal title, and it is at least that (*Anderson* v. *Talbot*, 1 Heis., 408), King must show himself to be the owner of that legal title, the thing obscured, before he can have the cloud removed from it (*Ross* v. *Young*, 5 Sneed, 627; *Estill* v. *Deckerd*, 4 Bax., 499, 517; *Hoyal* v. *Bryson*, 6 Heis., 139; *Coal Creek* v. *Ross*, 12 Lea, 1); and, if they had no claim whatever but that of mere possession, he would still be required to produce such title before he could have them ejected. Code, § 3229; M. & V., § 3953; Shannon, § 4970; *Langford* v.

*Love,* 3 Sneed, 309; *Campbell* v. *Campbell,* 3 Head, 325; *Walker* v. *Fox,* 85 Tenn., 154; *Garrett* v. *Belmont Land Co.,* 94 Tenn., 460; *Evans* v. *Belmont Land Co.,* 92 Tenn., 348, 355. This King has not done or attempted. On the contrary, he confesses that he has no title, alleges such facts as demonstrate that no one of the antecedent claimants, Hodge, Barker, and Price, ever had any, and fails to make it appear that even Finney ever had the legal title. No grant is alleged, no possession from which one can be presumed.

Again, other imperfections of title out of the way, the parol sales from Barker to Hodge, and from Hodge to King, could not be set up and enforced, as here attempted, against other persons in possession, and claiming the land in their own right. True it is, that a parol sale of land is voidable only and not void, and that independent third parties cannot intervene to prevent its completion and enforcement, when the vendee is in possession, and both he and the vendor are ready, able, and willing to comply with its terms (*Brakefield* v. *Anderson,* 87 Tenn., 206; *Phillips* v. *Kimmons,* 94 Tenn., 562; *Citty* v. *Mfg. Co.,* 93 Tenn., 278; *Sneed* v. *Bradley,* 4 Sneed, 301); but it does not follow that a parol vendee, out of possession, may have such sale completed and enforced, so as to dispossess independent third parties, who are in possession, claiming, in their own right, from an entirely different source, as is true in the present case.

Finally, if it be assumed, with whatever disadvantage to the position of demurrants, that King is entitled to the completion and enforcement of his parol contract with his immediate vendor, Hodge, upon the latter's mere failure to appear and defend, and in the absence of a decree *pro confesso* against him, still, King would have no right, upon his own motion, to bring Barker and Hodge into Court, and, without any affirmative action on their part, have their parol contract specifically performed, so as to perfect that link in his chain of title.    At least the affirmative action of one of the parties to a parol sale of land, and the assent or acquiescence of the other, is essential to justify the Court in divesting and investing title.    Hall has no better right in this cause than King, who sold him the timber, has.

Affirmed.