## BRIDGES v. COOPER.

### (*Nashville.* March 18, 1897.)

1. JUDGMENT LIEN. *Attaches to after-acquired lands.*

   A judgment lien attaches to after-acquired lands, and continues for a year from the date of their acquisition, overreaching, if properly enforced, all intermediate alienations of the debtor, although he may have held the lands by unregistered deed. (*Post, pp. 396, 397.*)

   Code construed: § 4710 (S.); § 3696 (M. & V.); § 2982 (T. & S.).

   Cases cited and approved: Greenway *v.* Cannon, 3 Hum., 178; Chapron *v.* Cassaday, 3 Hum., 661; Davis *v.* Benton, 2 Sneed, 666; Relfe *v.* McComb, 2 Head, 559; Coward *v.* Culver, 12 Heis., 541; Vance *v.* McNairy, 3 Yer., 171.

2. SAME. *Burden of proof.*

   The burden is upon a judgment creditor seeking to enforce his statutory lien against real estate of the debtor to bring his judgment within the Code, § 2980, providing that the lien of a judgment or decree fastens upon land only when obtained in the county where the debtor resides at the time of its rendition, or, if rendered in another county, when a certified copy thereof is registered in the county where he resides, if a resident of the State, and, if a nonresident, in the county where the land lies. (*Post, pp. 397, 398.*)

   Code construed: §§ 4708, 4709 (S.); §§ 3694, 3695 (M. & V.); §§ 2980, 2981 (T. & S.).

3. SAME. *Lost if not enforced within a year.*

   A judgment upon lands is lost if not enforced by levy and sale within a year after it attaches, unless its enforcement is prevented by injunction, writ of error, appeal, or other adverse Court proceeding. (*Post, p. 398.*)

   Code construed: §§ 4710, 4711 (S.); §§ 3696, 3697 (M. & V.); §§ 2982, 2983 (T. & S.).

   Cases cited: Greenway *v.* Cannon, 3 Hum., 178; Chapron *v.* Cassaday, 3 Hum., 661; Davis *v.* Benton, 2 Sneed, 668; Relfe *v.*

Bridges *v*. Cooper.

McComb, 2 Head, 560; Dickinson *v*. Collins, 1 Swan, 516; Kelly *v*. Thompson, 2 Heis., 279; Smith *v*. Holmes, 12 Heis., 469; Bangess *v*. Partee, 1 Leg. Rep., 92.

4. SAME. *Not enforced in equity.*

That the judgment debtor's deed was unregistered, and that he had conveyed the land to a third person, pending the existence of a judgment lien thereon, presents no obstacle to the enforcement of the lien by levy and sale that would justify the interposition of a Court of Equity on behalf of the lien creditors. (*Post, pp. 398–400.*)

5. SAME. *Same.*

A judgment lien cannot be extended beyond the statutory period by the judgment creditor's unnecessary and unsuccessful suit in equity for its enforcement. (*Post, pp. 399, 400.*)

Cases cited and approved: Gardenhire *v*. King, 97 Tenn., 585; Harrison *v*. Wade, 3 Cold., 505.

Cited and distinguished: Kerr *v*. Kerr, 3 Lea, 225; Shepherd *v*. Woodfolk, 10 Lea, 593.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

H. H. BARR and HUGHES & HATCHER for Bridges.

GRANBERY & MARKS and E. S. SCRUGGS for Cooper.

CALDWELL, J. The complainants, Bridges and Henderson, are judgment creditors of defendant, Cooper, and, as such, they filed this bill against him and

others in the Chancery Court of Davidson County, to establish and enforce an alleged judgment lien on certain land in Maury County. The Chancellor granted 'the relief sought, but the Court of Chancery Appeals reversed his decree.

Complainants obtained their judgment· in the Circuit Court of Maury County May 14, 1885, and Cooper, their debtor, acquired the land in question January 26, 1891. Without registering his deed, Cooper conveyed the land to Hill, May 29, 1891, and Hill had his deed registered June 9, 1891. The complainants filed this bill August 15, 1891, and Cooper registered his deed January 23, 1892. Where Cooper resided when the judgment was rendered is in no way shown; nor does it appear that the judgment was ever registered in the county of his present residence (Davidson), or in any other county in the State. It is upon these facts that complainants affirm and defendants deny the existence of the alleged lien.

1. Obviously, Cooper's nonownership of this land when the judgment was rendered, his delay in registering his deed and his conveyance to Hill, do not stand in the way of such a lien, for the lien of a judgment of a Court of Record attaches to after-acquired land, at the moment of its acquisition, ·the same as to that owned by the debtor at the˚rendition of the judgment, and continues for the same length of time—one year (Code, § 2982; M. & V., § 3696; Shannon, § 4710); and a levy and sale within that period will overreach and avoid all intermediate aliena-

tions thereof by the debtor (*Greenway* v. *Cannon*, 3 Hum., 178; *Chapron* v. *Cassaday*, *Ib.*, 661; *Davis* v. *Benton*, 2 Sneed, 666; *Relfe* v. *McComb*, 2 Head, 559), although the deed to him be unregistered. *Coward* v. *Culver*, 12 Heis., 541; *Vance* v. *McNairy*, 3 Yer., 171.

2. Nevertheless, it seems equally clear, from other facts stated, that the lien did not, in reality, attach to this or any other land, or, at least, that complainants have failed to show that it did attach.

The lien of a judgment or decree fastens upon land only when obtained "in the county where the debtor resides at the time of rendition" (Code, § 2980; M. & V., § 3694; Shannon, § 4708); or, if rendered in any other county, "when a certified copy of the judgment or decree shall be registered in the county where" he does reside, if a resident of the State, and, if not a resident of the State, "then in the county where the land lies." Code, § 2981; M. & V., § 3695; Shannon, § 4709. It does not appear that Cooper, the judgment debtor, was a resident of Maury County at the time the judgment was rendered, hence, the first provision of the statute is not made operative; nor is it shown that the judgment was ever registered in the county of his residence or in any other county, and, for this reason, the other provision of the statute is likewise inapplicable.

The *onus probandi* upon these points was on the complainants. Asserting affirmatively the existence of a lien, it was incumbent on them to establish

the facts without which the lien could not arise; and, failing in the establishment of those essential facts, they inevitably failed to show the lien.

3. Moreover, had the facts been such as to call the lien into existence originally, it would have expired long since, and could not now be made effective. The lien must have attached, if at all, on January 26, 1891, the day Cooper acquired the title to the land (*Greenway* v. *Cannon*, 3 Hum., 178; *Chapron* v. *Cassaday*, *Ib.*, 661; *Davis* v. *Benton*, 2 Sneed, 668; *Relfe* v. *McComb*, 2 Head, 560), and, to have availed anything, must have been enforced by levy and sale within one year from that time (Code, § 2982; M. & V., § 3696; Shannon, § 4710; *Dickinson* v. *Collins*, 1 Swan, 516; *Kelly* v. *Thompson*, 2 Heis., 279; *Smith* v. *Holmes*, 12 Heis., 469; *Bangess* v. *Partee*, 1 Leg. R., 92), unless prevented by injunction, writ of error, appeal, appeal in the nature of a writ of error, or some other adverse proceeding in Court (Code, § 2983; M. & V., § 3697; Shannon, § 4711), whereas, in truth, more than six succeeding years have elapsed, without a levy or sale, and without the presence of any one of the preventing and suspending causes just mentioned. Being the voluntary suit of the alleged leinors, and in no sense an adverse proceeding, this bill could not have operated to extend the lien, had one really existed. The grounds upon which equitable relief is asked, are the nonregistration of the

deed to Cooper and his conveyance of the land to Hill.

Complainants charge that Cooper acquired the particular land, on a certain day, by deed from one Knox; that the deed had not been registered; that Cooper conveyed the land to Hill; that the lien of their judgment attached to the land when purchased by Cooper, and was superior to the title of Hill; and upon these charges they prayed for a discovery of Cooper's unregistered deed, and for the enforcement of their alleged judgment lien. The allegations of the bill, thus epitomized, disclose no such embarrassment of the creditor's legal remedy as would justify equitable interposition for the enforcement of the supposed lien, if, indeed, a case for such relief could be made at all. Assuming that the lien did, in fact, attach, as alleged, there is no reason why it could not have been enforced by levy and sale, in the ordinary way. The nonregistration of the deed to Cooper, and his conveyance to Hill, were not obstructions to such a course, as has been seen; and yet those are the grounds upon which the bill is rested.

The reasons urged by the judgment creditor for equitable assistance in the enforcement of his lien, in the late case of *Gardenhire* v. *King*, were much stronger than those presented in this case, and, yet, that assistance was denied, and the lien, which did, in fact, exist when the bill was filed, was adjudged to have expired pending the litigation, which came

to an end more than twelve months after the rendition of the judgment. 97 Tenn., 585 (S. C., 37 S. W. R., 548). The same ruling was made in the case of *Harrison* v. *Wade*, 3 Cold., 505, 509, 510. The other cases of *Kerr* v. *Kerr*, 3 Lea, 225, and *Shepherd* v. *Woodfolk*, 10 Lea, 593, are not in point.

Let the decree of the Court of Chancery Appeals be affirmed.