Vaughn *v.* Vaughn.

VAUGHN *v.* VAUGHN.

(*Nashville.*    January 29, 1898.)

1. MORTGAGES AND DEEDS OF TRUST.    *Effect of satisfaction.*

Upon satisfaction of the mortgage debt, the legal title to the
land covered thereby reverts *eo instanti* to the mortgagor, if
living, or to his heirs, if he is dead, and becomes invested by
mere operation of law, and without reconveyance, in him or
them.    (*Post, pp. 284, 285.*)

Cases cited and approved: Carter *v.* Taylor, 3 Head, 30; Nichols
*v.* Cabe, 3 Head, 92; Ferguson *v.* Coward, 12 Heis., 572; Leech
*v.* Hillsman, 8 Lea, 747; Bridges *v.* Cooper, 98 Tenn., 381.

2. SAME.    *Parol sale of land.*

A parol agreement by a mortgagor that another shall have the
mortgaged premises in consideration of his paying the mort-
gage debt, is, in legal effect, a sale of the property, and void-
able at the election of either the vendor or the vendee or their
heirs.    (*Post, p. 285.*)

Cases cited and approved: Brakefield *v.* Anderson, 87 Tenn., 206;
Phillips *v.* Kimmons, 94 Tenn., 562.

3. PAROL SALE OF LAND.    *Disaffirmance.*

Bringing suit for the land is an effective exercise by the vendor's
heirs of their right to disaffirm and rescind a parol sale. (*Post,
p. 285.*)

4. SAME.    *Vendee's rights upon rescission.*

Upon the repudiation of a parol sale of land by the vendor or his
heirs. the vendee is entitled to recover, and to have a lien de-
clared and enforced against the land for the purchase money
paid, with interest.    (*Post, p. 285.*)

Cases cited and approved: Pipkin *v.* James, 1 Hum., 325; Crippin
*v.* Bearden, 5 Hum., 129; Sheid *v.* Stamps, 2 Sneed, 175; Win-
ters *v.* Elliott, 1 Lea, 676; Smoot *v.* Smoot, 12 Lea, 274; Sneed
*v.* Bradley, 4 Sneed, 300; Hilton *v.* Duncan, 1 Cold., 314.

Vaughn *v.* Vaughn.

5. HUSBAND AND WIFE. *Contracts between.*

Persons living together in an unlawful and bigamous relation are not husband and wife, though representing themselves to be such, in such sense as to render them incapable of contracting with each other. (*Post, p. 286.*)

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

J. P. ATKINSON for Emanuel Vaughn.

ALLEN & McCARN for Myra Vaughn.

CALDWELL, J. This is an ejectment suit in chancery. Joshua Vaughn, a negro, owned the real estate in question, and occupied it as a home with the defendant, Myra Vaughn, an unlawful and bigamous wife. He mortgaged the property to a building and loan association for borrowed money. After some inconsiderable payments he made default, and the mortgagee advertised the premises for sale. Joshua thereupon said to Myra that he would pay no more on the mortgage debt, but that she might have the property as her own if she would pay the debt and prevent a sale. This she agreed to do, and promptly went about it. From time to time she made payments as she could earn the money. While he lived she discharged most of the debt, and

after his death she paid the balance. The agreement between them was verbal when made, and was never reduced to writing. After the mortgage had been satisfied and discharged, in the manner stated, the children of Joshua by his first and lawful wife brought this action, as his heirs at law, to recover the property from Myra, the unlawful and bigamous wife. Answering the bill, she set up her agreement with Joshua, and the payment of the mortgage debt by her, and upon those facts denied the right of complainants to dispossess her. She filed her answer as a cross bill, and sought thereby to protect her possession as owner, and, if that could not be done, to have a lien declared upon the property for the amount she had paid to disincumber it. The Chancellor adjudged the complainants entitled to the relief sought by them, subject to a lien on the premises for the outlay made by the defendant. On appeal of the complainants the Court of Chancery Appeals reversed so much of that decree as allowed reimbursement to the defendant.

Without discussing, or even stating, the grounds upon which the respective Courts rested their adverse decrees, we will briefly state our conclusions from the record, as already recited:

1. Upon the satisfaction of a mortgage debt the legal title to the land covered reverts, *eo instanti*, and becomes revested in the mortgagor by operation of law (*Carter* v. *Taylor*, 3 Head, 30; *Nichols* v. *Cabe*, 3 Head, 92; *Furguson* v. *Coward*, 12 Heis., 572;

*Leech* v. *Hillsman*, 8 Lea, 747; *Bridges* v. *Cooper*, 98 Tenn., 381); and, if the satisfaction occurs after the death of the mortgagor, as in this case, that title passes to his heirs at law. From which it follows that these complainants have the legal title to the premises here involved, and are entitled to maintain this suit, nothing else appearing.

2. The agreement between Joshua and Myra Vaughn was, in effect, a sale of the property, and, being in parol, the sale was voidable at the election of vendor or vendee. *Brakefield* v. *Anderson*, 87 Tenn., 206; *Phillips* v. *Kimmons*, 94 Tenn., 562.

3. It is voidable, after the death of the vendor, at the election of his heirs, and this suit by them to recover possession of the land is an effective exercise of their right to disaffirm and rescind, with all the legal consequences flowing therefrom.

4. The sale having been repudiated, the vendee is entitled to reimbursement of purchase money paid, with interest (*Pipkin* v. *James*, 1 Hum., 325; *Crippen* v. *Bearden*, 5 Hum., 129; *Sheid* v. *Stamps*, 2 Sneed, 175; *Winters* v. *Elliott*, 1 Lea, 676; *Smoot* v. *Smoot*, 12 Lea, 274), and to have a lien declared on the land as security therefor. *Sneed* v. *Bradley*, 4 Sneed, 300; *Hilton* v. *Duncan*, 1 Cold., 314.

The payments made by Myra in satisfaction of the mortgage debt were, as between Joshua and herself (the vendor and vendee), payments of so much purchase money. These amounted, in the aggregate, to $307.

Vaughn *v.* Vaughn.

5. It cannot be truly said that the agreement of sale and purchase was void because a contract between husband and wife, for such was not their true relation. Though living together, they were not husband and wife in any legal sense. For the same reasons her earnings were her own, and she had the legal right to do with them what she might choose without his consent. In fact, however, he agreed to the use she made of them.

6. The Court of Chancery Appeals seems to have found the amount of rents chargeable to the defendant the same as the amount of taxes paid by her, and for that reason properly neutralized one with the other. No improvements were shown, and no claim on that account was made.

7. There is another matter that should be mentioned. Joshua died a very poor man. After his death, Myra paid his medical bills and funeral expenses, in amount, $55, from her own means. Both Courts, by consent of complainants, adjudged that sum a charge on the land in her favor.

8. This sum, and that paid in discharge of the mortgage, with their interest up to the date of the Chancellor's decree, made an aggregate of $430.

For this aggregate and its interest since that time, she is entitled to a lien on the land. Modify and affirm.