Wamble v. Gant.

C. A. WAMBLE *et al. v.* W. W. GANT *et al.*

(*Nashville.* December Term, 1903.)

1. **MORTGAGES.** Payment of mortgage debt reinvests title in mortgageor.

Upon the payment of the mortgage debt, the title of the land mortgaged becomes reinvested in the mortgageor. (*Post, p.* 330.)

Cases cited and approved: Vaughn v. Vaughn, 100 Tenn., 282-284; Furguson v. Coward, 12 Heis, 572; Relfe v. McComb, 2 Head, 559; Carter v. Taylor, 3 Head, 30.

2. **SAME.** Same. And judgment lien attaches, and continues for one year, though judgment is then more than one year old.

Upon the payment of the mortgage debt, and thus revesting the title in the mortgageor, the land immediately passes under the judgment lien so to remain for one year from the date of revesting, although the judgment is then more than one year old. (*Post, p.* 330.)

Cases cited and approved: Chapron v. Cassaday, 3 Hum., 661-663; Davis v. Benton, 2 Sneed, 666-668; Relfe v. McComb, 2 Head, 559; Bridges v. Cooper, 98 Tenn. 394.

FROM BEDFORD.

Appeal from the Chancery Court of Bedford County— W. S. BEARDEN, Chancellor.

Statement by Mr. Justice Neil:

On November 7, 1901, the defendant Gant recovered a decree in the chancery court of Bedford county against C. A. Wamble for $473.85 and costs; and on December 17, 1901, a certified copy of this decree was registered in Moore county, in which county Wamble lived. When the decree was rendered, Wamble was the owner in remainder of a tract of land described in the pleadings, situated in Bedford county, upon which his mother was then, and is now, living; she owning a life estate in it.

On November 7, 1901, the day upon which Gant obtained his decree, and before that decree was recovered, Wamble executed to W. H. Crowell a mortgage upon his interest in the land, to secure a debt which he owed to Crowell. This debt was paid in full November 26, 1902.

On November 29, 1902, Wamble and wife executed a mortgage or trust deed on Wamble's interest in the land to secure a debt owing for borrowed money which he obtained from Mrs. Hale.

Prior to the execution of this latter mortgage, and while the former was still in force (that is, on October 27, 1902), Gant caused to be issued an execution on his decree against Wamble, and on the same day caused it to be levied upon the interest of Wamble in the tract of land in question, and a sale of this interest was advertised for February 13, 1903. This sale was sought to be enjoined under the original bill filed in this case.

Gant procured a modification of the preliminary injunction granted under the original bill, so as to be al-

Wamble v. Gant.

lowed to have another execution issued, on his decree. This second execution was issued and was levied on the land August 28, 1903.

Such pleadings were had by amendment of the original bill, and by filing of the cross bill, as to present, on the one hand, the right of the complainants to enjoin any sale under either execution, and, on the other hand, to enforce the lien of Gant, acquired by his levy, by a sale of the land, in the chancery court.

The chancellor decreed in favor of Gant, and directed a sale to enforce the lien acquired by his levy.

It appears that a portion of the money which Wamble borrowed from Mrs. Hale was used by him in paying off the Crowell debt, but it is not shown that at the time he borrowed this money there was any agreement that the money should be so used, or that the Crowell mortgage should be kept alive for the benefit of Mrs. Hale.

W. H. CROWELL, for complainants.

SHAPARD & SON, for defendants.

MR. JUSTICE NEIL, after making the foregoing statement, delivered the opinion of the Court.

In this court both sides have treated the levy of October 27, 1901, as ineffective as we suppose, on the ground that the property was at the time under mortgage, and not subject to levy (*Pratt* v. *Phillips,* 1 Sneed, 543-547, 60 Am. Dec., 162), and have pitched the controversy

upon the question as to whether the second levy became effective on the land by reason of the satisfaction of the Crowell mortgage.

We shall treat the case from the same standpoint, without passing at all upon the first question suggested.

Upon the payment of the Crowell mortgage, the title to the land became reinvested in Wamble. *Vaughn* v. *Vaughn,* 100 Tenn., 282-284, 45 S. W., 677; *Furguson* v. *Coward,* 12 Heisk., 572; *Carter* v. *Taylor,* 3 Head, 30. The land thereupon immediately passed under the judgment lien of Gant, so to remain for one year from the date on which the title was revested. *Bridges* v. *Cooper,* 98 Tenn., 394, 39 S. W., 723; *Davis* v. *Benton,* 2 Sneed, 666-668; *Chapron* v. *Cassaday,* 3 Humph., 661-663. This is true although the judgment was then more than one year old.

The precise question arising in this case was determined in *Relfe* v. *McComb,* 2 Head, 559, 75 Am. Dec., 748. It was there held that upon payment of the mortgage debt, and the revesting of the title in the mortgagor, the land passed under the judgment lien.

It results that there was no error in the decree of the court of chancery appeals, and it is affirmed.