C. L. ANDERSON v. A. G. ROBERTSON et al.

(*Nashville.* December Term, 1916.)

1. MORTGAGES. Release. Effect.

The rule that upon release of a mortgage the legal title reverts to the mortgagor applies only where the mortgagor has retained the equity. (*Post, pp.* 186-188.)

Cases cited and approved: Vaughn v. Vaughn, 100 Tenn., 284 · Birdwell v. Cain, 41 Tenn., 302; Huffaker v. Bowman, 36 Tenn., 80; Stow v. Tifft, 5 Johns. (N. Y.), 458; Marin v. Knox, 40

L. R. A. (N. S.), 272.

Case cited and distinguished: Scruggs v. Williams, 73 Tenn., 478.

2. JUDGMENT. Liens. Vendor's creditors.

Where land was sold to obtain money to pay an outstanding mortgage, the deed and mortgage release being executed before, but recorded together after, the vendor's creditors had secured judgments against him, the purchaser's title was superior to such judgment liens. (*Post, p.* 188.)

Cases cited and approved: Bullard v. Leach, 27 Vt., 491; Bridges v. Cooper, 98 Tenn., 381.

---

FROM HICKMAN.

---

Appeal from the Chancery Court of Hickman County.—J. W. STOUT, Chancellor.

J. A. CLEMENT, for appellant.

KNIGHT & BEASLEY, for appellee.

MR. SPECIAL JUSTICE CLARK delivered the opinion of the Court.

The question for decision in this case is: Who is the owner of the tract of land in controversy, the complainant, C. L. Anderson, or the defendants, Robertson and Walker? The facts necessary to be stated are as follows: T. A. Stribling was the owner of a tract of land in Hickman county containing two hundred and seventy-four acres. This tract of land was incumbered by a mortgage to J. A. Bates to secure a note owing by Stribling to Bates for $1,009, which note was past due. Stribling desired to make an adjustment of the note owing to Bates. He negotiated a sale of forty-five acres of the above tract to complainant, together with some personal property for $1,177; the land being valued in the transaction at $1,000. Complainant agreed to take the property at the price stated, provided it was relieved from the operation of the Bates mortgage. Mr. Stribling saw Mr. Bates, and he agreed that if complainant would execute a note for $1,177, the consideration to be paid for the property, payable to Stribling and secured by a lien to be retained on the forty-five acres of land, and would also give an order on the executor of a certain estate in which Anderson had a beneficial interest, as further security for the note, upon the note and order being assigned to him, he would release his mortgage as to this forty-five-acre tract. The deed to complainant was accordingly

drafted, signed, and acknowledged by Stribling and
wife, and complainant and Mr. Stribling went to-
gether to the office of Mr. Bates, and he made the
following indorsement on the deed which he signed:

"In consideration of the transfer to me of the note
mentioned in foregoing deed, and also an order upon
the executor of the estate of J. R. Sutton, deceased,
as security for said note, I, J. A. Bates, do hereby
release and relinquish all liens by mortgage or other-
wise that I may have upon the tract of land men-
tioned and described in said foregoing deed from T.
A. Stribling and wife to said C. L. Anderson, the
vendee therein. Witness my hand this October 21,
1908."

The note for the consideration was executed by
complainant to Mr. Stribling, and at once assigned
to, and, together with the order on the executor, de-
livered to, Mr. Bates. The deed was delivered to
complainant, and by him on the same day left with
the register of the county to be registered. This
was in October, 1908, but, neither the State tax nor
the register's fee being paid, the deed was not mark-
ed filed for registration until December 16, 1909, on
which date the State tax and register's fee were paid.
Claimant took possession of the land immediately
after his purchase, and has since remained in posses-
sion.

Between the time this deed was left in the reg-
ister's office, but before it was marked filed by the

register, certain creditors of Mr. Stribling, complainant's vendor, procured judgments against him before a justice of. the peace, from which judgments executions issued and were levied on the land in controversy, the papers duly filed with the clerk of the circuit court, and the land condemned and sold. The purchaser transferred his bid to defendants, Robertson and Walker, and, after the expiration of two years, the coroner, the sheriff being incompetent, made them a deed, and they then brought suit in the circuit court of Hickman county seeking to eject complainant from said land.

This bill was filed to enjoin the prosecution of the ejectment suit and to have the coroner's deed declared a cloud on complainant's title, and, as such, removed.

It is the insistence of complainant that at the time the executions referred to were levied on the land he was the owner of same; that the legal title was in him; that the levies were therefore void, and the proceedings under same were noneffective to divest him of any of his rights in said land.

The insistence of defendants is that upon the release of the mortgage by Bates the legal title to the land reverted to and was revested in the judgment debtor, Stribling; that, the deed from Stribling to complainant being unrecorded at the time of the levy, the judgment creditors secured a valid lien on the land by the levy of the executions and the filing of the papers; and that their title acquired by virtue

of this levy, sale, and coroner's deed is superior to the title of complainant.

As a general proposition it is true that upon the satisfaction of a mortgage debt the legal title to the land covered by the mortgage reverts and becomes revested by operation of law in the mortgagor. *Vaughn* v. *Vaughn*, 100 Tenn., 284, 45 S. W. 677. But this is true only where the mortgagor is still the owner of the equity, and has not sold or conveyed the land subsequent to the execution of the mortgage. The deed from Stribling to the complainant purported to convey the fee. At the time complainant agreed to purchase the land he knew that the legal title was in Bates, and it was a part of the agreement that the note of complainant and the order on the executor would be delivered to Bates as a consideration to him to release his legal title that it might vest in complainant.

In the case of *Birdwell* v. *Cain*, 1 Cold., 302, the owner of land conveyed it to a trustee to secure certain creditors. Before the deed of trust was recorded a judgment creditor of the mortgagor levied on the land and it was sold. The trustee furnished the money with which the mortgagor redeemed the land, and it was held that upon the redemption of the land by the mortgagor the title passed immediately to the trustee to whom the land had been conveyed before the sale, and that the trustee's title was superior to the lien of a judgment obtained anterior to the redemption. *Huffaker* v. *Bowman*, 4 Sneed,

89.   See, also, *Stow* v. *Tifft*, 15 Johns. (N. Y.), 458,
8 Am. Dec., 66; *Marin* v. *Knox*, 40 L. R. A. (N. S.),
272.   In the case of *Scruggs* v. *Williams*, 5 Lea, 478,
Williams conveyed a tract of land to a trustee to
secure a debt owing to Scruggs.   The debt was not
paid when due, and Williams conveyed the land to
Scruggs, and on the same day the land was con-
veyed to him Scruggs made a notation on the deed
of trust to the effect that the same was satisfied by
a conveyance of the land to him.   No entry was
made on the mortgage records.   After this notation
was made on the deed of trust and before the deed
to Scruggs was recorded, a judgment creditor of
Williams levied on the land, it was sold and a sher-
iff's deed made to the purchaser.   Scruggs brought
ejectment against the sheriff's vendee.   In discuss-
ing the question raised in that case, the court said:

"For it must be borne in mind that the question
is not whether Scruggs obtained a perfect legal title
by the transaction, but whether the title and estate
was restored to Williams so that it was subject to
the seizure of his creditors.

"If this had been a mortgage (instead of a deed
of trust), vesting the title in Scruggs, then it could
hardly be contended that a conveyance by Williams
to Scruggs, not registered and for that reason in-
operative as to creditors, would at the same time be
effectual to satisfy the mortgage and restore the land
to Williams for the benefit of his creditors, and we
do not see that there is any sounder reason for hold-

ing such to be the effect of the deed in this case, although the title was in a trustee.''

In the case at bar, no satisfaction of the mortgage was entered on the records of the register's office. The release was on the deed of Stribling to complainant, and was made on the deed after the same had been signed and acknowledged by Stribling and wife. It was, in effect, a quitclaim by Bates to complainant. By the same instrument that defendants were notified that the mortgagee had released his mortgage they were also notified that the land had been sold to complainant, and that the consideration inducing the release of the mortgage had been paid by complainant. It would be most inequitable to permit the judgment creditors of Stribling to obtain priority over complainant, when it was complainant's money that brought about a release of the mortgage.

It has been held that, where the purchaser of an equity of redemption in land pays the mortgagee the amount due on the mortgage with the agreement that he should have the benefit of the mortgage, he may set up the mortgage, though paid, against the levy of an attaching creditor. *Bullard* v. *Leach,* 27 Vt., 491. The case of *Bridges* v. *Cooper,* 98 Tenn., 381, 39 S. W., 720, relied on by defendants, is not authority on the question involved in this case. The facts of that case were very different from the facts of this case.

The other assignments of error have been disposed of orally. The judgment of the court of civil appeals is affirmed. Defendants will pay the cost.